UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor, *individually and on behalf of a class of all persons and entities similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Wilshire Real Estate Services, LLC, <br><br> Defendant. | C/A No. 2:24-cv-00645-RMG-MHC <br><br> **ORDER** |

Plaintiff Jay Connor, represented by counsel, brings this action against Defendant Wilshire Real Estate Services, LLC ("Defendant LLC"), alleging violations of the Telephone Consumer Protection Act. ECF No. 1. After a pro se Answer was filed on behalf of Defendant LLC, ECF No. 8, all pretrial proceedings in this case were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2), D.S.C. *See* ECF No. 9.

Before this Court is Plaintiff's Motion to Strike *Pro Se* Answer Filed by a Corporation, ECF No. 10, to which a Response in Opposition was filed, ECF No. 11. The Motion is ripe for review. For the reasons set forth below, the Court grants the Motion.[1]

---

[1] The Motion to Strike is a "non-dispositive motion[] that may be ruled on by order from this magistrate judge." *Schmalfeldt v. Grady*, No. 417CV01310RBHKDW, 2017 WL 6628187, at *1 n.3 (D.S.C. Dec. 7, 2017); *see Est. of Beland by & through Hayes v. Charleston Cnty. Sherriff's Off.*, No. 1:20-CV-3006-SAL, 2022 WL 304787, at *2 (D.S.C. Feb. 2, 2022) (referring to motions to strike as "non-dispositive pre-trial matters"); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07–20608–CIV, 2007 WL 2412834, at *1 n.1 (S.D. Fla. Aug. 21, 2007) ("It is well settled that motions to amend or strike pleadings are non-dispositive motions that may be referred and ruled upon by a magistrate judge by order unless they have a dispositive effect.").

**LEGAL STANDARDS**

Rule 12(f) of the Federal Rules of Civil Procedure permits striking an "insufficient defense" from a pleading. Fed. R. Civ. P. 12(f).

Generally, individual parties are able to represent themselves pro se. *See* 28 U.S.C. § 1654. However, although 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent the interests of other parties. *Id.*; *see Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others."); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."); *Pridgen v. Andresen*, 113 F. 3d 391, 392–93 (2d Cir. 1997) (pro se litigant may not represent corporation, estate, partnership, or "his or her minor child").

Business entities, such as corporations and limited liability companies, may appear in this federal court and litigate only through a licensed attorney who is formally admitted to practice and in good standing with this Court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); *Days Inn Worldwide, Inc. v. JBS, Inc.*, No. 4:08-cv-1771-TLW-TER, 2010 WL 625391, at *2 (D.S.C. Feb. 19, 2010); *see also In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (noting that, "[a]s a limited liability company" with only a single member, "Lavabit likely should not have been permitted to proceed pro se at all"); *United*

*States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008) (holding that LLCs may not proceed pro se and noting that "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity"); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2nd Cir. 2008) (explaining that lay persons cannot represent corporations, partnerships, or limited liability companies and noting that a layman may not represent a corporation even if he is the sole shareholder); *U.S. Commodity Futures Trading Comm'n v. OTC Invs. LLC*, No. 1:15-cv-00081, 2015 WL 3397066, at *1 (W.D.N.C. May 26, 2015) ("It is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel.").

## **ANALYSIS**

Plaintiff moves to strike the Answer because it was filed by non-attorney Zach Mitchell on behalf of a limited liability company defendant. ECF No. 10. The Response in Opposition, signed by Mitchell on behalf of Defendant LLC, states that Mitchell is the sole member of the LLC and requests that the Court allow Defendant LLC to proceed in a pro se manner or "provide an option to receive just legal counsel to pursue dismissal of the filing" because it is "a single-member LLC with limited resources to acquire legal counsel . . . and has found it financially unfeasible to obtain counsel." ECF No. 11 at 1. There is nothing before the Court indicating that Mitchell is a licensed attorney or admitted to practice before this Court.

It is settled that a limited liability company may not represent itself pro se. *See Rowland*, 506 U.S. at 202; *In re Under Seal*, 749 F.3d at 290 n.17; *Days Inn Worldwide, Inc.*, 2010 WL 625391, at *2. And, "where a limited liability company attempts to answer a complaint pro se, such an answer is inappropriate and should be stricken." *Cochran v. All. Assisted Living, LLC*, No. 1:17-CV-02471, 2018 WL 6163160, at *1 (N.D. Ga. Mar. 13, 2018) (granting motion to strike pro

3

se answer filed by limited liability company); *see Days Inn Worldwide, Inc.*, 2010 WL 625391, at *1, 3 (striking answer filed by unrepresented corporate defendant).

Because Mitchell is not a licensed attorney admitted to practice before this Court, he cannot represent Defendant LLC. Accordingly, the Court **grants** the Motion to Strike the Answer.

## TO DEFENDANT LLC:

**Defendant LLC shall have until April 25, 2024, to retain counsel and have counsel file a response to the Complaint. Defendant LLC is advised that a failure to obtain counsel and have counsel file a response to the Complaint may result in entry of default and default judgment.** *See* Fed. R. Civ. P. 55; *see also see Days Inn Worldwide, Inc.*, 2010 WL 625391, at *1, 3 (striking answer filed by unrepresented corporate defendant and entering default against corporate defendant); *Nautilus Ins. Co. v. Ejiii Dev. Co.*, No. 1:17-CV-2048-WSD, 2017 WL 4416832, at *2 (N.D. Ga. Oct. 5, 2017) (striking answer filed by pro se business entity and directing clerk to enter default against defendant entity).

## CONCLUSION

For the reasons set forth above, it is **ORDERED** that Plaintiff's Motion to Strike (ECF No. 10) is **GRANTED**. Defendant's Answer (ECF No. 8) is hereby stricken. Defendant has until April 25, 2024, to retain counsel and have counsel file a response to the Complaint. Failure to obtain counsel and have counsel file a response to the Complaint may result in entry of default and default judgment.

**IT IS SO ORDERED.**

April 4, 2024  
Charleston, South Carolina

Molly H. Cherry  
United States Magistrate Judge