## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| JAY CONNOR, individually and on behalf of a call of all persons and entities similarly situated, | ) ) ) ) | C/A No.: 2:24-cv-00645-RMG |
| Plaintiffs, | ) ) | **DEFENDANT'S ANSWER TO THE PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS** |
| v. | ) ) | |
| WILSHIRE REAL ESTATE SERVICES, LLC, | ) ) ) ) | |
| Defendant. | ) ) ) | |

COMES NOW the above-named Defendant, Wilshire Real Estate Services, LLC ("Defendant") and, fully answering the allegations of the Plaintiff's Complaint, herewith alleges and shows unto this Honorable Court as follows:

### ANSWER AND FIRST AFFIRMATIVE DEFENSE

For a first defense, Defendant responds to the specifically numbered paragraphs of the Plaintiff's Complaint as follows:

1. Except as expressly admitted or qualified herein, Defendant denies each and every allegation of the Plaintiff's Complaint and demands strict proof thereof.

2. Upon information and belief, Defendant admits the allegations of Paragraphs 1, 2, 3 and 4 of the Plaintiff's Complaint.

3. Defendant denies the allegations of Paragraphs 5 and 6 and demand strict proof thereof.

4. Upon information and belief, Defendant admits Paragraphs 7, 8, 9, 10 and 11.

5.    As to the allegations of Paragraphs 12, 13, 14, 15, 16, 17, 18, 19 and 20 of the Plaintiff's Complaint, Defendant craves reference to the document referenced therein, which speaks for itself and is the best evidence of its terms, content and meaning, if any.  Defendant denies any interpretation inconsistent therewith.

6.    Defendant admits Paragraph 21 of the Plaintiff's Complaint.

7.    Defendant denies Paragraph 22 and demands strict proof thereof.

8.    Upon information and belief, Defendant admits the Paragraphs 23 and 24 of the Plaintiff's Complaint.

9.    Defendant denies Paragraphs 25 and 26 of the Plaintiff's Complaint and demands strict proof thereof.

10.    Defendant admits the allegations of Paragraphs 27 and 28.

11.    Defendant admits on so much that Plaintiff brought this action as authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.  Except as expressly admitted or qualified herein, Defendant denies the remaining allegations of Paragraph 43 and demands strict proof thereof.

12.    Defendant admits only so much of Paragraph 44 that Plaintiff's properly class, but Defendant denies that Defendant or someone acting on their behalf placed a telephone solicitation.  Except as expressly admitted or qualified herein, Defendant denies the remaining allegations and demands strict proof thereof.

13.    No response is required to Paragraph 45 of the Plaintiff's Complaint, which call for a legal conclusion.  Defendant respectfully refers all questions of law to the Court for determination.  To the extent a response is deemed required, Defendant denies said allegations.

14.    Defendant admits Paragraph 46.

15.     Defendant denies Paragraph 47 and demands strict proof thereof.

16.     Defendant admits Paragraph 48.

17.     Defendant denies Paragraphs 49, 50, 51, 52, 53, 54 and 55 and demands strict proof thereof.

18.     As to the allegations of Paragraph 56 of the Plaintiff's Complaint, Defendant hereby incorporates the responses in each and every preceding Paragraph as if the same were set forth herein verbatim.

19.     Defendant denies Paragraphs 57, 58, 59 and 60 of the Plaintiff's Complaint.

20.     As to the allegations of Paragraph 61 of the Plaintiff's Complaint, Defendant hereby incorporates the responses in each and every preceding Paragraph as if the same were set forth herein verbatim.

21.     As to the allegations of Paragraphs 62 and 63 of the Plaintiff's Complaint, Defendant craves reference to the SCTPPA referenced therein, which speaks for itself and is the best evidence of its terms, content and meaning, if any.  Defendant denies any interpretation inconsistent therewith.

22.     Defendant denies that the Plaintiff is entitled to any remedy or form of relief prayed for in the Plaintiff's Complaint, being all the remaining allegations thereof.

### FURTHER ANSWERING AND AS AN ADDITIONAL AND AFFIRMATIVE DEFENSE
#### (Failure to State a Claim – Rule 12(b)(6))

23.     Defendant incorporates and re-alleges the preceding paragraphs as if fully set forth herein verbatim.

24.     Some or all of the Plaintiff's causes of action fail to state a claim against the Defendant upon which relief can be granted, and, therefore, must be dismissed pursuant to Rule 12(b)(6), SCRCP.

### FURTHER ANSWERING AND AS AN ADDITIONAL AND AFFIRMATIVE DEFENSE
**(Estoppel)**

25.     Defendant incorporates and re-alleges the preceding paragraphs as if fully set forth herein verbatim.

26.     Plaintiff is equitably estopped from recovering under some or all of the claims alleged in the Complaint.

### FURTHER ANSWERING AND AS AN ADDITIONAL AND AFFIRMATIVE DEFENSE
**(Failure to Mitigate/Avoidable Consequences)**

27.     Defendant incorporates and re-alleges the preceding paragraphs as if fully set forth herein verbatim.

28.     One of more of the Plaintiff's claims are barred, or the recoverable damages must be reduced, by reason of the Plaintiff's failure to reasonably mitigate the injury suffered or damages incurred, if any.

### FURTHER ANSWERING AND AS AN ADDITIONAL AND AFFIRMATIVE DEFENSE
**(Unclean Hands)**

29.     Defendant incorporates and re-alleges the preceding paragraphs as if fully set forth herein verbatim.

30.     Some or all of Plaintiff's claims are barred because the Plaintiff comes to Court with unclean hands.

### FURTHER ANSWERING AND AS AN ADDITIONAL
### AND AFFIRMATIVE DEFENSE
### (Reservation of Additional Affirmative Defenses)

31.    Defendant incorporates and re-alleges the preceding paragraphs as if fully set forth herein verbatim.

32.    The Defendant hereby reserves the right to assert and rely upon any other affirmative defenses that may be discovered as a result of discovery proceedings in this action, or which otherwise may become available hereafter, and further reserves his right to amend this answer to assert such defenses.

### FURTHER ANSWERING PLAINTIFF'S COMPLAINT
### AND BY WAY OF COUNTERCLAIM
### (Abuse of Process)

COMES NOW the Defendant, and by way of counterclaim against the Plaintiff, do hereby allege and show as follows:

33.    Defendant repeats and realleges the allegations contained in Paragraphs 1 through 32 above as set forth herein verbatim.

34.    Upon information and belief, Plaintiff took steps to solicit or ensure receipt of the alleged telephone call with the express ulterior motive of improperly exploiting the statutory damage provisions of the TCPA.

35.    Upon information and belief, Plaintiff took steps including, but not necessarily limited to, providing telephone contact information via several Internet websites in conjunction with requests for information regarding real estate services knowing that providing said information would result in telephone calls from real estate companies or agents following up on Plaintiff's requests for information.

36.     Plaintiff provided contact information for the specific purpose of exploiting and abusing the TCPA by fraudulently soliciting contact from real estate companies.

37.     Plaintiff gave express and/or implied consent to be contacted by providing his contact information.

38.     The Plaintiff willfully brought this action to use process to gain an objective not legitimate in the use of process.

39.     Plaintiff's use of process is to exploit the legal system for personal financial gain and not for the legitimate purposes intended by process and the TCPA.

**FURTHER ANSWERING PLAINTIFF'S COMPLAINT
AND BY WAY OF SECOND COUNTERCLAIM
(Fraud and Misrepresentation)**

40.     Defendant repeats and realleges the allegations contained in Paragraphs 1 through 39 above as if set forth herein verbatim.

41.     Plaintiff made a false and material representation regarding an interest in obtaining real estate services by providing contact information associated with selling/purchasing real estate.  Plaintiff had no intent to engage in such activity.

42.     Plaintiff knew said representation was false and made said representation with the express intent that it be acted upon by certain persons because Plaintiff knew that by providing his contact information, he would be contacted by real estate service providers.

43.     Defendant had no possible way to know that Plaintiff's representation was false and as such, would have been reasonable in relying on Plaintiff's representation he was interested in utilizing real estate services.

44.     Certain defendants and other persons apparently relied on the truth of Plaintiff's representation and had a right to rely thereon because said persons and defendants rightfully

believed that Plaintiff was seeking real estate services and wished to be contacted regarding the same.

45.    This Defendant was consequently and proximately injured by Plaintiff's actions in bringing this action and has and will incur substantial expenses associated with this action.

46.    Plaintiff's actions constitute fraud and misrepresentation in that Plaintiff did not want to obtain real estate services and simply wanted to fraudulently induce certain persons or defendants to respond to his false request for the same.

### FURTHER ANSWERING PLAINTIFF'S COMPLAINT
### AND BY WAY OF THIRD COUNTERCLAIM
### (Fraud and Misrepresentation)

47.    Defendant repeats and realleges the allegations contained in Paragraphs 1 through 46 above as if set forth herein verbatim.

48.    Plaintiff is a person engaged in operating an enterprise for the purpose of luring in, enticing and/or deceiving persons, entities, or companies to place telephone calls and send text messages to telephone numbers that are used for the purpose of generating TCPA claims.

49.    Plaintiff's activities constitute unfair and deceptive practices.

50.    Plaintiff knew or should have known that his conduct violated S. C. Code sect. 39-5- 20 *et. seq.*

51.    As a result of Plaintiff's willful and knowing violation of S.C. Code sect. 39-5-20 et. seq, Defendant has or will be forced to incur attorney's fees, costs, lost productivity and other damages. These fees and costs are actual damages resulting from the Plaintiff's violation of S.C. Code sect. 39-5-20 *et. seq.*

WHEREFORE, Defendant respectfully prays for the following relief:

(a)  That the Plaintiff's Complaint be dismissed in its entirety as to Defendant, with prejudice, with a finding that the Plaintiff take nothing; or

(b)  That this matter be tried before a jury of Defendant's peers; and

(c)  That judgment be entered against the Plaintiff and in favor of Defendant as to each and every claim or cause of action alleged in the Plaintiff's Complaint; and

(d)  That judgment be entered against the Plaintiff and in favor of Defendant as to any and all forms or relief requested in the Complaint; and

(e)  That Defendant shall recover from the Plaintiff all attorney's fees, costs, and expenses to investigate and defend this action; and

(f)  That Defendant shall be awarded such other and further relief as this Court deems just equitable and proper.

Respectfully submitted,

HENDERSON & HENDERSON, LLC

s // Wesley E. Henderson
WESLEY E. HENDERSON (Fed Bar #: 13457)
578 East Bay Street, Suite A
Charleston, South Carolina 29403
P: 843-212-3188 | F: 843-872-0634
Email: wesley@hhlawsc.com
**Attorneys for Defendant**

December 9, 2024
Charleston, South Carolina